IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02114-PAB-SBP

JORDAN BRYANT, and
PREMIUM BUYBACKS, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, a federal law enforcement agency,

    Defendant.

---

# ORDER

---

The matters before the Court are defendant's Motion to Dismiss [Docket No. 10] and plaintiff's Motion to Strike Portions of Defendant's Reply and for a Surreply [Docket No. 14].

## I. BACKGROUND

On July 31, 2024, plaintiffs Jordan Bryant and Premium Buybacks, LLC filed this lawsuit. Docket No. 1. Mr. Bryant is the owner and managing member of Premium Buybacks, LLC. *Id.* at 2, ¶ 2. Premium Buybacks, LLC and Mr. Bryant maintained a bank account with Bank of America and primarily transacted banking business at a Bank of America branch located at 1801 16th Street, Denver, Colorado.[1] *Id.*, ¶ 3. Between December 5, 2023 and December 18, 2023, United States Drug Enforcement

---

[1] The complaint indicates that Mr. Bryant and Premium Buybacks, LLC "used the same bank account." Docket No. 1 at 3, ¶ 10.

Administration ("DEA") agents seized $268,261.25 from plaintiffs' bank account.[2] *Id.*, ¶ 4. On February 2, 2024, the DEA issued a notice to plaintiff of the initiation of administrative forfeiture proceedings against the seized assets. *Id.*, ¶ 5. The notice of seizure alleges that the currency was seized "by the Oakland County Sheriff's Office on December 4, 2023 in Newark DE and Seized by the DEA for forfeiture on December 4, 2023." *Id.* at 2 n.2. Plaintiffs responded, contesting the seizure. *Id.* Plaintiffs' assets have not been returned. *Id.* at 3, ¶ 7. Plaintiffs' complaint seeks the return of the seized assets pursuant to Federal Rule of Criminal Procedure 41(g). *Id.* at 4, ¶ 11.

On October 18, 2024, the government filed a motion to dismiss plaintiffs' complaint. Docket No. 10. The government maintains that the Court does not have jurisdiction over plaintiffs' Rule 41(g) request. *Id.* at 6. Plaintiffs responded, Docket No. 11, and the government replied. Docket No. 12. On December 4, 2024, plaintiffs filed a motion to strike portions of the government's reply, arguing that the reply raises new issues not presented in the government's motion to dismiss. Docket No. 14 at 1-2.

## II. LEGAL STANDARD

### A. Rule 12(b)

The government argues that plaintiffs' complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). Docket No. 10 at 3-5.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal under Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court

---

[2] The parties dispute the amount seized. *See* Docket No. 1 at 2, ¶ 4 ($268,261.25); Docket No. 10 at 1 ($251,018.37). The dispute is not material to the Court's resolution of the motion to dismiss.

2

lacks jurisdiction to adjudicate the claim. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms – a facial attack or a factual attack – each with distinct analytical frameworks. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge focuses on the sufficiency of the allegations in the complaint. *Id.* In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* (citation omitted). In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations." *Id.* (citation and quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion"). The burden of establishing subject matter jurisdiction lies with the party asserting it. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

The purpose of a motion to dismiss under Rule 12(b)(2) is to determine whether the court has personal jurisdiction over a defendant. The plaintiff bears the burden of

3

establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id*. The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id*.

Rule 12(b)(3) allows a court to dismiss a claim for relief for improper venue. Fed. R. Civ. P. 12(b)(3). In reviewing a motion to dismiss for improper venue, "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260-61 (10th Cir. 2012) (quoting 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2015)). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id*. at 1261 (quotation and citation omitted). "Once a defendant challenges venue, the burden lies with the plaintiff to demonstrate the appropriateness of [its] chosen forum—a choice rarely disturbed by the Court unless it is clear that the facts giving rise to the lawsuit have no material relation or connection to the chosen forum." *Dupray v. Oxford

4

*Ins. Co. TN LLC*, 645 F. Supp. 3d 1095, 1100 (D. Colo. 2022) (citing *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019)).

### B. Rule 41(g)

Rule 41(g)[3] states that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "Rule 41(g) motions are governed by the criminal procedure rules when they are 'used to seek the return of seized property after an indictment has been issued.'" *Acct. Servs. Corp. v. United States*, 2009 WL 2755649, at *2 (S.D. Cal. Aug. 27, 2009) (quoting *Black Hills Inst. of Geological Rsch. v. U.S. Dep't of Just.*, 967 F.2d 1237, 1239 (8th Cir. 1992)). "However, when Rule 41(g) motions are made before an indictment is filed, as here, they are properly 'treated as civil equitable proceedings.'" *Id.* (quoting *Ramsden v. U.S.*, 2 F.3d 322, 324 (9th Cir. 1993)); *see also United States v. Bacon*, 900 F.3d 1234, 1237-38 (10th Cir. 2018) ("Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy."). "Rule 41(g) provides 'an equitable remedy' to a movant 'only if he can show irreparable harm and an inadequate remedy at law.'" *Bacon*, 900 F.3d at 1237 (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)); *Matter of Search of Kitty's E.*, 905 F.2d 1367, 1370-71 (10th Cir. 1990) ("two conditions that must be satisfied before a district

---

[3] Federal Rule of Criminal Procedure 41(e) was recodified as Rule 41(g) in 2002. *See United States v. Roberts*, 282 F. App'x 735, 735-36 (10th Cir. 2008) (unpublished) (referring to Rule 41(g) as "formerly Fed. R. Crim. P. 41(e)").

5

court may assume jurisdiction over a preindictment Rule 41(e) motion: a movant must demonstrate that being deprived of actual possession of the seized property causes 'irreparable injury,' and must be otherwise without adequate remedy at law" (quotations omitted)). Because entertaining a preindictment Rule 41(g) motion is an exercise of equitable jurisdiction, Rule 41(g) motions "should be undertaken with 'caution and restraint.'" *Matter of Search of Kitty's E.*, 905 F.2d at 1370 (quoting *Floyd v. United States,* 860 F.2d 999, 1003 (10th Cir. 1988)).

## III. ANALYSIS

The government asserts that the District of Colorado is not the proper venue for plaintiffs' Rule 41(g) petition because plaintiffs' assets were seized in Delaware.[4] Docket No. 10 at 10-11. The complaint alleges that the notice of seizure sent to plaintiffs states "that the currency was seized 'by the Oakland County Sheriff's Office on

---

[4] The government argues that the Court lacks jurisdiction over plaintiffs' Rule 41(g) petition. Docket No. 10 at 7. Although the government maintains that the Court lacks subject matter jurisdiction, the basis of the government's argument is that judicial proceedings in the Eastern District of Michigan provide plaintiffs with an adequate remedy at law. *Id.* at 7-8. The Court of Appeals for the Tenth Circuit has held that movants who invoke the court's equitable jurisdiction under Rule 41(g) must first demonstrate that they lack a legal remedy and will suffer irreparable harm. *Bacon*, 900 F.3d at 1237. "Equitable jurisdiction is distinct from subject matter jurisdiction." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). Therefore, the Court construes the government's argument to be that the Court lacks equitable jurisdiction over plaintiffs' petition. *See* Docket No. 10 at 7-8. However, whether plaintiffs will suffer irreparable harm and whether they have an adequate remedy at law are issues intertwined with the merits of plaintiffs' Rule 41(g) motion. The Court will consider first whether plaintiffs have brought their motion in the proper court before considering whether the Court should exercise equitable jurisdiction over the motion. *See Lin v. United States*, 2025 WL 2051103, at *8 (E.D. Tex. June 30, 2025) (dismissing portions of plaintiff's Rule 41(g) petition for improper venue based on property seized in the Northern District of Texas before considering whether to exercise equitable jurisdiction over the portion of the Rule 41(g) petition seeking return of property seized in the Eastern District of Texas).

6

December 4, 2023 in Newark DE and Seized by the DEA for forfeiture on December 4, 2023.'"  Docket No. 1 at 2 n.2; *see also* Docket No. 10-1 at 1 (notice of seizure).  The government maintains that, under the plain text of Rule 41(g), "a motion for return of property must be filed 'in the district where the property was seized.'"  Docket No. 10 at 10 (quoting Fed. R. Crim. P. 41(g)).  As a result, the government argues that the Court should dismiss this case under Rule 12(b)(3) because plaintiffs' petition should have been filed in the District of Delaware.[5]  *Id.* at 10-11.

Plaintiffs maintain that, although the seizure was executed in Delaware, "the account was located, maintained, and transacted with in Denver," and therefore "Mr. Bryant's possessory interest in the account was here."  Docket No. 11 at 13.  Plaintiffs cite *Stifel Fin. Corp. v. Iannarino*, 2023 WL 343957, at *5 (S.D. Ohio Jan. 20, 2023), for the proposition that "Mr. Bryant's possessory rights to his funds was where he deposited the funds, where they were available, and where he used them."  *Id.*

In *Stifel*, the trustee of the defendant's bankruptcy estate filed a Rule 60(b) motion challenging two writs of attachment that froze defendant's deposits in various bank accounts.  *Stifel*, 2023 WL 343957, at *1-2.  The trustee argued that the attachment orders were void because the bank accounts were not located in Ohio.  *Id.*

---

[5] The government states that a motion made pursuant to 18 U.S.C. § 981 for the return of assets in civil forfeiture proceedings "shall be filed in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized."  Docket No. 10 at 10 (quoting 18 U.S.C. § 981(b)(3)).  "Section 981(b)(3) merely provides for where claimants may properly file a motion for return of property.  It does not itself authorize the filing of such a motion.  Instead, only Rule 41(g) authorizes the filing of motions for return of property."  *CFK, LLC v. United States*, 324 F.R.D. 236, 238 (D. Utah 2018).  Plaintiffs' motion is not made pursuant to § 981.  The government's arguments regarding whether plaintiffs have filed their motion in the district in which the property was seized are properly considered under venue principles relevant to Rule 41(g).

7

at *4. The court noted that, due to modern banking practices, "bank funds are both everywhere and nowhere," which has led courts to develop different tests to determine the location of bank accounts. *Id.* (quoting *Yayasan Sabah Dua Shipping SDN BHD v. Scandinavian Liquid Carriers Ltd.*, 335 F. Supp. 2d 441, 448 (S.D.N.Y. 2004)). The court explained that courts in the Second Circuit adhere to the "separate entity rule," which holds that the location of a bank account is the bank branch where the account is created and used. *Id.* at *5 (citing *Det Bergenske Dampskibsselskab v. Sabre Shipping Corp.*, 341 F.2d 50, 53 (2d Cir. 1965)). However, the "separate entity rule has been declared to be obsolete by many authorities." *Id.* (citing *Acme Contracting, Ltd. v. Toltest, Inc.*, 2008 WL 4534175, at *7 (E.D. Mich. Oct. 3, 2008); *Marisco, Ltd. v. Am. Samoa Gov't*, 889 F. Supp. 2d 1244, 1250-51 (D. Haw. 2012)); *see also Boland Marine & Indus., LLC v. Bouchard Transp. Co., Inc.*, 2020 WL 10051743, at *6 (W.D. Tex. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020) ("Despite the Second Circuit's continued application of the separate entity rule, a growing number of other courts appear to be rejecting the rule as outdated."). *Stifel* found that the "rule commonly followed now is that funds held in a bank account are located wherever they are available to be utilized or disposed of by the account owner." *Stifel*, 2023 WL 343957, at *6. "This means that an account is located wherever the financial institution maintains a branch." *Id.*; *see also Boland Marine*, 2020 WL 10051743, at *6 ("accounts are 'located' wherever they are available for withdrawal by the depositor"). Although the court noted that no Ohio courts had adopted the separate entity rule, the court found that it was unnecessary to resolve the parties' dispute over which test for determining the location of the bank accounts

8

applied because defendants' bank accounts were located in Columbus, Ohio under either test.  *Stifel*, 2023 WL 343957, at *6.

Plaintiffs fail to demonstrate that *Stifel* is relevant to this case.  In *Stifel*, the court, on a Rule 60(b) motion, was identifying the location of bank accounts to determine whether the court had the authority to issue writs of attachment.  *See id.*  *Stifel* does not discuss "where the property was seized," which is the issue under Rule 41(g).  At most, *Stifel* stands for the common sense proposition that money in bigger banks is accessible to the account holder at different branch locations.  Plaintiffs have failed to demonstrate that their bank account was not accessible in Delaware, or otherwise located there, and do not challenge the information contained in the notice of seizure, Docket No. 10-1, and the legal notice regarding the seizure, Docket No. 10-2, that the assets were seized in Delaware.  Therefore, taking the allegations in the complaint as true, including the allegation that plaintiffs' assets were seized in Delaware, plaintiffs have not shown that the "district where the property was seized" is the District of Colorado.  Fed. R. Crim. P. 41(g).  Because Rule 41(g) petitions must be filed in the district where the property was seized, plaintiffs have not met their burden of demonstrating that venue is proper in the District of Colorado.[6]  Therefore, the Court will grant the government's motion to dismiss.[7]

---

[6] Because the Court finds that venue is improper, the Court will not consider whether to exercise equitable jurisdiction over plaintiffs' complaint and Rule 41(g) petition.

[7] Section 1631 of Title 28 permits the Court to transfer a civil action if the "court finds that there is a want of jurisdiction" and if the transfer is "in the interest of justice."  The parties do not ask the Court to transfer this case or argue that such a transfer would be in the interest of justice.  *See* Docket No. 10; Docket No. 11.  Therefore, the Court will dismiss this case.  *See Steward v. United States*, 80 Fed. Cl. 540, 544 (2008) (refusing to transfer plaintiff's "takings or breach of contract claims to the United States District

9

IV. **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss [Docket No. 10] is **GRANTED** for lack of venue. It is further

**ORDERED** that the Motion to Strike Portions of Defendant's Reply and for a Surreply [Docket No. 14] is **DENIED as moot**.[8] It is further

**ORDERED** that plaintiffs' complaint is **DISMISSED without prejudice**. It is further

---

Court for the District of Minnesota" based on plaintiff's intention to file a Rule 41(g) motion because the transfer "would not be in the interest of justice.").

[8] On December 4, 2024, plaintiffs' filed a motion to strike portions of the government's reply to the motion to dismiss. Docket No. 14. In its reply, the government attempts to substantiate its assertions that there is a civil forfeiture proceeding in the Eastern District of Michigan by submitting the affidavit of Kenton Welkener, an Assistant United States Attorney for the Eastern District of Michigan. Docket No. 12-1. Mr. Welkener states that (1) he obtained a seizure warrant from the United States District Court for the Eastern District of Michigan "for funds held in a Bank of America business checking account ending in 2638," (2) he filed a civil forfeiture complaint in the Eastern District of Michigan on March 1, 2024 "in the case identified as 2:24-CV-10533," and (3) he filed an amended complaint in the pending civil forfeiture case that "included as a defendant asset all funds seized from the Bank of America business checking account ending in 2638." Docket No. 12-1 at 1, ¶¶ 2-4. Plaintiffs' motion to strike argues that the government's attempt to substantiate its claim that there is a judicial forfeiture proceeding over the seized assets is improper. Docket No. 14 at 5. Plaintiffs claim that Mr. Welkener's affidavit is new evidence that should be disregarded by the Court because the evidence was produced for the first time in the government's reply. *Id.* at 5-6 (citing *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (a "party waives issues and arguments raised for the first time in a reply brief.")). Plaintiffs assert that the government also raises several new arguments for the first time in its reply. *Id.* at 6-10. The Court has found that, taking the allegations in plaintiffs' complaint as true and considering only the government's motion and plaintiffs' response, plaintiffs' complaint should be dismissed for improper venue. *See Green v. U.S. Anesthesia Partners of Colorado, Inc.*, 2023 WL 7015660, at *7 (10th Cir. Oct. 25, 2023)("If a moving party includes new evidence in a reply, the court can either permit a surreply or . . . refrain from relying on any new material contained in the reply brief." (citation, quotation, and alterations omitted)). Therefore, the Court denies plaintiffs' motion to strike as moot.

**ORDERED** that this case is closed.

DATED September 9, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

11